# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TAMARA WEST, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2064-KHV |
| **FIRST FRANKLIN** ) | |
| **FINANCIAL CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## ORDER

Tamara West, Adrienne Flowers and Janet Larsen bring suit individually and on behalf of others similarly situated against First Franklin Financial Corporation. Plaintiffs allege violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and California labor law. This matter comes before the Court on the Joint Motion For Leave To File Settlement Documentation Under Seal (Doc. #41) filed April 17, 2007. For reasons stated below, the Court overrules the motion.

A motion to seal presents a conflict between the well established common law right of public access to judicial records and the right of supervisory control which the Court may exercise over its own records and files. See Holland v. GMAC Mortgage Corp., No. 03-2666-CM, 2004 WL 1534179, at *1 (D. Kan. June 30, 2004). In exercising its sound discretion over such motion, the Court "must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof." Id. Documents should be sealed only on the basis of articulable facts known to the Court – not on the basis of unsupported hypothesis or conjecture – which demonstrate a public or private harm sufficient to justify the sealing of the documents. Id. at *1-2.

Here, the parties request permission to file under seal "all Exhibits to the Plaintiffs' Unopposed Motion for Approval of FLSA Collective Action and Rule 23 Class Settlement, and Supporting Memorandum, that reference the specific amounts to be paid out to individual Plaintiffs, or individual putative class members." The parties argue that the confidentiality of the awards is a material element of the settlement agreement and that without such confidentiality, the agreement might fail, leading to additional litigation which would deplete both public and private resources. Such arguments do not persuade the Court that the documents in question should be filed under seal. At best, the parties hypothesize that they will be unable to settle their dispute without confidentiality. Such speculative harm is insufficient to overcome the presumptively paramount public interest in transparency in this case, especially since the parties seek Court approval of the class settlement.

The parties shall notify the Court by **May 9, 2007**, whether the settlement remains effective. If not, the magistrate is directed to enter a new scheduling order no later than **May 16, 2007**, so that this case may promptly proceed to resolution.

**IT IS THEREFORE ORDERED** that the <u>Joint Motion For Leave To File Settlement Documentation Under Seal</u> (Doc. #41) filed April 17, 2007 be and hereby is **OVERRULED**.

Dated this 25th day of April, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge